Prob 12
(Mod. For E.VA 10/09)

# UNITED STATES DISTRICT COURT
# FOR THE
# EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. <u>Jamal L. Flowers</u>　　　　　　　　　　　Docket No.: <u>1:13MJ440</u>

## Petition on Probation

COMES NOW <u>Juan Peredo</u>, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Jamal L. Flowers, who was placed on supervision by the Honorable John F. Anderson sitting in the Court at <u>Alexandria</u>, Virginia, on the <u>23rd</u> day of <u>September</u>, <u>2013</u>, who fixed the period of supervision at <u>one (1) year</u>, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

See Page Two

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**
See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a summons to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

Returnable Date: _January 21, 2014 10:00 AM_

### ORDER OF COURT

Considered and ordered this 31st day of October, 2013 and ordered filed and made a part of the records in the above case.

_____/s/_____ JFA
John F. Anderson
~~John United States Magistrate Judge~~
United States Magistrate Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___10-30-13___

_____
Juan E. Peredo
U.S. Probation Officer
(703) 299-2354
Place: Alexandria, Virginia

**TO CLERK'S OFFICE**

**Petition on Probation**
**Page 2**
**RE: FLOWERS, Jamal L.**

### SPECIAL CONDITIONS

1. The defendant shall serve three (3) days in the Bureau of Prisons at the direction of the probation officer. Time may be served intermittently and weekends are permitted.

2. The defendant shall pay a $250.00 fine and $25.00 special assessment fee, to be paid by December 23, 2013.

OFFENSE: Operating After Suspension

SENTENCE: Supervised probation for one (1) year with the following special conditions: 1) serve three (3) days in the Bureau of Prisons at the direction of the probation officer. Time may be served intermittently and weekends are permitted, and 2) pay a $250.00 fine and $25.00 special assessment fee, to be paid by December 23, 2013.

COURT ACTION: A Report of Initial Positive Urinalysis was submitted to the Court on October 22, 2013, after the defendant tested positive for marijuana on his first day of probation. Your Honor signed said Report on October 22, 2013.

ADJUSTMENT TO SUPERVISION: The defendant lives with his parents in Alexandria, Virginia, and he is gainfully employed as a cashier at Rockland Grill in Alexandria, Virginia. As for the special conditions, the defendant is scheduled to serve the three day jail sentence from November 8, 2013 through November 10, 2013. The financial obligations to the Court are to be paid in full by December 23, 2013.

VIOLATIONS: The following violations are submitted for the Court's consideration.

**STANDARD CONDITION #1:   THE DEFENDANT SHALL NOT COMMIT ANOTHER FEDERAL, STATE OR LOCAL CRIME.**

As confirmed by the Fairfax County General District Court, on October 11, 2013, the defendant was charged with Possession with Intent to Distribute Marijuana (Case #GC13226045). The defendant's Preliminary Hearing is scheduled for January 7, 2014.

The following Incident Report was obtained from the Fairfax County Police Department:

On October 11, 2013 at 0246 hours, Officer Massod was heading southbound on Fordson Road when a black Honda caught his attention driving without headlights. The vehicle was going eastbound on Lockheed Boulevard. At that point the officer activated the emergency lights and the vehicle entered an Exxon gas station and came to a stop near a gas pump. The officer then approached the vehicle and explained the reason he pulled over the vehicle. The driver, Ms. Bayarjargal, appeared nervous and stated she was coming from Meadow Woods apartments. She stated she went there to pick up a friend, who was in the front passenger seat, Mr. Flowers. As the officer was speaking to Ms. Bayarjargal he could smell an odor of marijuana coming from the vehicle. Ms. Bayarjargal gave the officer a valid Washington State driver's license however her privilege to drive in Virginia was suspended.

Petition on Probation
Page 4
RE: FLOWERS, Jamal L.

Once backup officer Masterson arrived, officer Massod told Mr. Flowers and Ms. Bayarjargal that he could smell an odor of marijuana coming from the vehicle. He asked them to step out of the vehicle which they agreed to do. Officer Massod then performed a thorough vehicle search and found a black backpack, which was located in the back seat. Officer Massod asked Ms. Bayarjargal if the backpack belonged to her. She responded it did not belong to her. The officer then asked Mr. Flowers if the backpack belonged to him. He also responded that it did not belong to him. When Officer Massod searched the backpack, he found a large zip lock plastic bag with a large amount of a green leafy substance inside. The green leafy substance was packed in two separate plastic bags, one of which had 29 small bags. The officer also found federal probation papers with Mr. Flowers name on it. When Officer Massod showed the papers to Mr. Flowers, he immediately stated that the backpack and marijuana belonged to him. Mr. Flowers was then placed under arrest for Possession with Intent to Distribute Marijuana.

Officer Massod collected the large zip lock bag with the green leafy substance as evidence. He performed a Field Drug Test, using the Narcotics Analysis Reagent KIT-Duquenois-Levine Reagent, which tested positive for marijuana. Mr. Flowers was then taken to the Mount Vernon Station where he was read his Miranda Rights. At first Mr. Flowers did not want to speak to officer Massod about the marijuana. However, while Mr. Flowers was at the magistrate charging area, Officer Massod asked him what he did for a living. Mr. Flowers told him he used to work at Lowes and he needed to sell the marijuana to make extra money to pay his court fees, in reference to a prior marijuana charge. He then stated that he made a trip to buy the marijuana from a close friend. He also stated he had 2 ounces of marijuana inside of the backpack. He explained that 1 bag had one ounce of marijuana and the other bag had 29 small bags of marijuana. Mr. Flowers claimed that the 2 ounces of marijuana had cost him $600.00 however his friend only charged him $575.00. He claimed that he had never done this before and that he needed to sell the marijuana to make extra money. He stated he knows people who smoke marijuana and it would be easy for him to sell it.

JEP/lk